UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES BAKER                                                                PLAINTIFF

v.                                           CIVIL ACTION NO. 5:11-CV-P59-R

BRAD BOYD *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff, a convicted inmate currently incarcerated at the Kentucky State Reformatory, filed this 42 U.S.C. § 1983 action against the Christian County Jail (CCJ) and its Jailer Brad Boyd for injuries he allegedly sustained at the CCJ while being held there as a pretrial detainee. Plaintiff sues Defendants in their official capacities only. He is seeking compensatory damages of two million dollars and punitive damages of one million dollars.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Upon review, the Court will dismiss Plaintiff's claims because he has failed to state an actionable official-capacity claim. However, due to the serious nature of Plaintiff's allegations, the Court will provide him with twenty-eight days following the entry of this Memorandum Opinion and Order in which to amend his complaint.

## II. STANDARD OF REVIEW

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up her claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that, "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Id.* The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is plausible.

"Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

### III. PLAINTIFF'S COMPLAINT

Plaintiff states that upon his arrival at the CCJ in 2010, he advised "the corrections officer" that he "had a sex crime of rape in the third degree." He states that because of the nature of the crime, he asked to be put in protective custody or an isolated cell as he "was in fear of being attacked or seriously hurt by other inmates" because of the charge. His request, however, was not honored, and Plaintiff was placed in the general population. He states that he again requested protective custody, but was told that it was either the general population or "the hole."

Thereafter, Plaintiff states that he received threats from other inmates. He states that he reported the threats to "staff at the jail" by writing them letters and notes. He maintains that his pleas for help were ignored and even laughed at by staff who "thought I was funny requesting help based on my charges."

Finally, Plaintiff states that he was placed in a cell with another inmate facing charges similar to Plaintiff's charges, Ronald Miller. Plaintiff states that three other inmates threatened to kill Plaintiff and Miller if they did not fight each other. Plaintiff explains that "fearing for our lives inmate Miller and I fought and I was knocked out by Miller and while I was unconscious I was beat by these other inmates some more." Plaintiff states that when he woke up it was recreation time. To summon help, he waved a towel at a passing food cart being pushed by

3

Officer Johnston. He states that about twenty minutes later, Officer Johnston casually came up to Plaintiff.

Plaintiff explained what had happened to Officer Johnston and asked for medical attention. Officer Johnston then told Plaintiff to pack his things. Severely beaten, Plaintiff was barely able to comply and could hardly walk. Despite repeated requests, Plaintiff states that instead of being given medical attention, he was placed in the "law box" and questioned. Officer Johnston then told Plaintiff that there was not any medical staff on duty to assist him. He was left in a cell overnight and was not seen by medical staff until the following day.

Plaintiff states that he reported to medical staff that he had blurred vision and a lot of pain. Still, he states that his requests to go to the hospital and to receive further assistance were ignored.

Plaintiff states that he also told staff that he wanted to press criminal charges on the other inmates involved in the beating, but his requests were ignored. He reports that the county attorney told him that there was not enough evidence to process his claims.

## IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Id.*

## A. Alleged Constitutional Violations

Plaintiff alleges three different violations: 1) failure to protect; 2) failure to provide medical care; and 3) failure to permit him to file criminal charges against the inmates that allegedly beat him. Each claim is discussed below.

### 1. Failure to Protect

The Supreme Court has held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively "sufficiently serious." *Id*. at 833. A plaintiff also must show that prison officials acted with "deliberate indifference" to inmate health or safety. *Id.* at 834.

Plaintiff has alleged a *prima facie* failure-to-protect claim.

### 2. Medical Care

"While the Eighth Amendment does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment does provide them with a right to adequate medical treatment that is analogous to prisoners' rights under the Eighth Amendment." *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005). The detainee's right is violated "when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Plaintiff has alleged a *prima facie* denial-of-medical care claim.

### 3. Criminal Charges

A private citizen "lacks a judicially cognizable interest in the prosecution or

nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). A plaintiff cannot compel a criminal prosecution of another inmate because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *Id.* at 64-65.

Plaintiff has not alleged an actionable § 1983 claim based on the fact that he was unable to press criminal charges against the inmates he maintains were involved in beating him.

**B.     Persons Acting Under Color of State Law**

With respect to Plaintiff's failure-to-protect and denial-of-medical care claims, the Court will proceed to step two of the § 1983 analysis–whether Plaintiff has named the proper persons to bring these claims against.

**1.     The CCJ**

The CCJ is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amenable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

**2.     Brad Boyd**

Plaintiff sued Defendant Boyd in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff's official-capacity claims against Defendant Boyd are, therefore, treated the same as claims against Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Under *Monell*, the Supreme Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom. A county is considered a municipal entity for the purposes of § 1983. *L.A. County v. Humphries*, --U.S.--, 131 S. Ct. 447, 178 L. Ed. 2d 460 (2010).

Thus, to state a viable claim against Christian County, Plaintiff would have had to allege a policy and custom of Christian County that caused or contributed to the constitutional violations that he complains about in this action. The mere fact that Christian County might employ persons that Plaintiff maintains are the ones responsible for the alleged violations is not sufficient to state a viable claim. *See McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).

Plaintiff's complaint does not allege the existence of a policy or custom or set forth any facts from which a policy or custom could be implied. Rather, it appears that Plaintiff's injuries were caused by the individual actions of various employees at the jail.

Because Plaintiff has not alleged a policy or custom, his official-capacity claims against Defendant Boyd will be dismissed.

## C.     Opportunity to Amend

However, due to the seriousness of Plaintiff's failure-to-protect and denial-of-medical care allegations, the Court will allow Plaintiff to file an amended complaint to sue the persons he believes are responsible for the alleged violations in their individual capacities. *See Berndt v. State of Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986).

## V. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims related to being prevented from filing criminal charges against his fellow inmates as well as his official-capacity claims against the Christian County Jail and its Jailer Brad Boyd are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Plaintiff shall have twenty-eight (28) days from the entry of this Order to file an amended complaint naming as defendants the individuals that Plaintiff believes are responsible for the surviving claims. Plaintiff is WARNED that failure to file an amended complaint within the time set forth in this Order will result in dismissal of this action.**

The Clerk of Court is **DIRECTED** to write this action number on a blank prisoner 42 U.S.C. § 1983 form and mail it to Plaintiff.

Date:


cc: Plaintiff, *pro se*

4413.008