# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**CHARLES BAKER**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:11-CV-P59-R**

**BRAD BOYD** *et al.*                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis*, motion for appointment of counsel, and review of his amended complaint.

### I. *In Forma Pauperis* Request

Plaintiff previously sought and was granted permission to proceed as a pauper. As a prisoner, this allows him to pay the $350.00 filing fee in installments. There is no additional fee for filing an amended complaint. Accordingly, his motion to proceed *in forma pauperis* (DN 14) is **DENIED as moot** because the Court previously granted Plaintiff the requested relief and entered an order directing the institution where he is incarcerated to collect the filing fee in installments.

### II. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel to assist him with this 42 U.S.C. § 1983 action. In support of his motion, Plaintiff states that he is: 1) currently incarcerated and serving a sentence of three years; 2) a lay person with very few legal materials available to assist him; 3) subject to periodic transfer from one facility to another making it difficult for him to argue his case; and 4) indigent and cannot hire an attorney to assist him.

In a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It is "a matter within the discretion of the court." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "Appointed counsel in civil suits is a privilege *only* justified in exceptional circumstances." *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (emphasis added) (citing *Lavado*, 922 F.2d at 606). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (internal quotations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation. On review of the documents filed by Plaintiff, it appears that he is able to articulate his claims and present his case to the Court. Additionally, the Court has a *Pro Se Prisoner Handbook* to assist incarcerated litigants who do not have the benefit of counsel.

For these reasons, Plaintiff's motion for appointment of counsel (DN 12) is **DENIED**. To assist Plaintiff in representing himself, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of the Court's *Pro Se Prisoner Handbook.*

### III. Amended Complaint

**A.     Summary of allegations**

Plaintiff, a convicted inmate currently incarcerated at the Northpoint Training Center, originally this filed this 42 U.S.C. § 1983 action against the Christian County Jail (CCJ) and its Jailer, Brad Boyd. Plaintiff's action arises out of incidents that occurred while he was a pretrial detainee at the CCJ. Plaintiff was charged with rape, and upon his arrival at the CCJ in 2010, he

advised "the corrections officer" that because of the nature of his crime he feared reprisal by the other inmates. He asked to be placed in protective custody or an isolated cell. His request was not honored as he was placed in the general population.

After being threatened by the other general population inmates, Plaintiff again requested protective custody, but was told that it was either the general population or "the hole." Plaintiff continued to receive threats and to report them to "staff at the jail" by writing them letters and notes. His continued pleas for help were ignored and even laughed at by staff who "thought I was funny requesting help based on my charges."

Finally, Plaintiff was placed in a cell with another inmate facing similar sexual-offense-related charges, Ronald Miller. Three other inmates threatened to kill Plaintiff and Miller if they did not fight each other. "Fearing for [their] lives inmate Miller and [Plaintiff] fought and [Plaintiff] was knocked out by Miller." While Plaintiff was unconscious, he was beaten by several other inmates.

When Plaintiff regained consciousness, it was recreation time. To summon help, he waved a towel at a passing food cart being pushed by Officer Johnston.[1] About twenty minutes later, Officer Johnston casually came up to Plaintiff. Plaintiff explained what had happened to Officer Johnston and asked for medical attention. Officer Johnston then told Plaintiff to pack his things. Severely beaten, Plaintiff was barely able to comply and could hardly walk. Despite repeated requests for medical care, instead of being taken to medical for treatment, Plaintiff was placed in the "law box" and questioned.

---

[1] Plaintiff did not name Officer Johnston as a defendant in either his original or amended complaint.

After the questioning, Officer Johnston told Plaintiff that no medical personnel were on duty to assist him. Plaintiff was left in a cell overnight and was not seen by medical staff until the following day. Plaintiff states that he reported to medical staff that he had blurred vision and a lot of pain. Still, he states that his requests to go to the hospital and to receive further assistance were ignored.

Plaintiff told staff that he wanted to press criminal charges on the other inmates involved in the beating, but his requests were ignored. He reports that the county attorney told him that there was not enough evidence to process his claims.

**B.     Procedural History**

On initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court determined that Plaintiff was attempting to bring suit for three different violations: 1) failure to protect; 2) failure to provide medical care; and 3) failure to permit him to file criminal charges against the inmates that allegedly beat him. The Court dismissed Plaintiff's claims related to being prevented from filing criminal charges against his fellow inmates and all official-capacity claims against the Christian County Jail and its Jailer Brad Boyd pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court held that while Plaintiff had alleged prima facie failure-to-protect and denial-of-medical-care claims, he had not named the responsible parties. Due to the seriousness of Plaintiff's failure-to-protect and denial-of-medical-care allegations the Court allowed Plaintiff an opportunity to file an amended complaint to sue the persons he believed were responsible for the alleged violations in their individual capacities. *See Berndt v. State of Tennessee*, 796 F.2d 879,

882-83 (6th Cir. 1986).

Plaintiff's amended complaint is now before the Court. The allegations in the amended complaint are essentially the same as the first complaint. As defendants Plaintiff names in both their individual and official capacities: Brad Boyd, unknown CCJ officers, unknown medical staff, and unknown corrections officers.

**C.     Analysis of Amended Complaint**

   **1.     Official-capacity claims**

As previously explained by the Court, Plaintiff's complaint does not allege the existence of a policy or custom or set forth any facts from which a policy or custom could be implied. Rather, it appears that Plaintiff's injuries were caused by the individual actions of various employees at the jail. Because Plaintiff did not allege a policy or custom in either his original or his amended complaint, his official-capacity claims fail to state any actionable claim. Accordingly, Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

   **2.     Individual-capacity claims against Defendant Boyd**

Plaintiff's amended complaint sues Defendant Boyd in his individual capacity. However, neither Plaintiff's original complaint nor his amended complaint contains facts from which the Court could infer that Defendant Boyd was personally involved in failing to protect Plaintiff or in failing to treat his injuries.

A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v.*

5

*Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. Moreover, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, Defendant Boyd cannot be held liable based solely on his capacity as jailer. *See Curtis v. Curtis*, 37 F. App'x 141, 142 (6th Cir. 2002) (affirming district court's dismissal of individual-capacity claims against jailer based on his position of authority); *Bevins v. Keesee*, No. 90-5567, 1991 U.S. App. LEXIS 7364, at *3-4 (6th Cir. Apr. 10, 1991) ("Sheriff Keesee and County Jailer Stratton are entitled to judgment as a matter of law because Mr. Bevins' claim against them is based solely upon the doctrine of respondeat superior.").

Plaintiff's individual-capacity claims against Defendant Boyd are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Unknown Defendants

Plaintiff's remaining claims are against "unknown corrections, jail and medical staff." As such, it is impossible for the Court to direct service of the complaint. "Although designation of [an unknown] defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify [the] defendant through discovery." *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985). For example, Plaintiff might wish to use a Fed. R. Civ. P. 45 subpoena directed to Jailer Boyd to produce documents sufficient to identify the officers and staff at issue. *Vasquez v. City of*

*Bridgeport*, No. 3:07CV01865(DJS), 2009 U.S. Dist. LEXIS 68120, at *13 (D. Conn. Aug. 3, 2009) ("The Court discerns no reason why the Plaintiff could not have sued John Doe/Jane Doe police officers and then later subpoena the identities of those unknown officers."); *Clark v. Powe*, No. 07 C 1616, No. 07 C 5251, 2008 U.S. Dist. LEXIS 88318(N.D. Ill. May 30, 2008) ("Shortly after filing suit, the Plaintiffs sought to discover the identities of the unknown defendants, and thus served subpoenas on . . . the City's Office of Emergency Management Communications.").

The Court cautions Plaintiff that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from the date of this Order. Accordingly, Plaintiff has 120 days from the date of this Order within which to move to amend his complaint to name specific Defendants and request the Court to effect service on those Defendants or show good cause for his failure to do so. **<u>Plaintiff is put on notice that his failure to meet the requirements of the federal rules could result in dismissal of this action as to the unknown Defendants</u>**.

The Court will enter not enter a scheduling order at this time as there are no named defendant to serve. However, **IT IS ORDERED that Plaintiff shall have 120 days from the date of this Order in which to conduct limited discovery for the purpose of identifying the**

**unknown Defendants that he alleges should be held liable for failure to protect and failure to provide medical care**.

The Clerk of Court is **DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and three blank *pro se* motion forms.

Date:


cc: Plaintiff, *pro se*
4413.008