UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES BAKER                                                                                      PLAINTIFF

v.                                                                     CIVIL ACTION NO. 5:11CV-P59-R

BRAD BOYD *et al.*                                                                              DEFENDANTS

### MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff Charles Baker's motion for extension of time or, in the alternative, for appointment of counsel (DN 28).

### I.

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims against "unknown corrections, jail and medical staff" to proceed for further development. On June 1, 2012, Plaintiff moved to amend the complaint to add the names of six individuals he wished to sue. However, Plaintiff did not state factual allegations against any of them. On August 2, 2012, the Court entered an Order directing Plaintiff to file a motion to amend his complaint and a proposed second amended complaint stating factual allegations against each Defendant he wishes to sue and to tender completed summons forms for each Defendant.

The instant motion seeks an extension of 120 days to comply with that Order. As grounds, Plaintiff states that he is a layman; that the Northpoint Training Center (NTC) does not have an adequate law library; that it does not have enough computers to do legal research; and that it does not have enough typewriters for inmates' use. Plaintiff also states that "this has been an ongoing problem for well over five-years now" and that Kentucky Department of Corrections and NTC officials "still hasn't done anything about this very serious denial of access to the courts for all inmates at the Northpoint Training Center Complex, such as the plaintiff at bar."

Plaintiff requests until December 20, 2012, to prepare an amended complaint and completed summons forms. In the alternative, he requests that counsel be appointed to represent him.

## II.

First, Plaintiff has failed to state sufficient grounds to extend the deadline by 120 days. As instructed in the complaint form, Plaintiff shall:

> State how you believe your constitutional rights were violated. Describe how each Defendant violated your rights. And set forth the dates on which each event took place. **Do not make legal arguments or cite cases or statutes.** However, identify the constitutional right(s) you allege was/were violated.

(Emphasis added.) Thus, Plaintiff need not conduct legal research to prepare a second amended complaint and complete summons forms. Further, there is no requirement that a *pro se* litigant type his or her filings. As Plaintiff did for his first amended complaint, he may hand-write his filings.

Secondly, Plaintiff is not entitled to appointment of counsel in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added).

2

only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Plaintiff raises no arguments that demonstrate "exceptional circumstances" which would warrant appointment of counsel. The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation. Further, based on a review of the documents filed by Plaintiff thus far, it appears that he is articulate and able to represent himself sufficiently at this time.

Finally, Plaintiff alleges a "serious denial of access to the courts" in regards to the law library and resources at NTC. To the extent Plaintiff may be attempting to add allegations against NTC or its officials, they are not parties to this action, which concerns his incarceration at the Christian County Jail, and such allegations would not the meet the requirements for joinder under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 20(a)(2). Therefore, Plaintiff cannot assert a claim against them in this action. If he believes that his constitutional rights have been violated, he may assert a separate civil action. The Clerk of Court is **DIRECTED** to send Plaintiff a form packet for filing an action under 42 U.S.C. § 1983.

### III.

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion for an extension of 120 days or, alternatively, for appointment of counsel (DN 28) is **DENIED**.

However, the Court will allow Plaintiff an additional 30 days to comply with the Court's August 2, 2012, Order.  Therefore, **IT IS ORDERED** that Plaintiff shall file a motion to amend the complaint and proposed second amended complaint within **30 days** from the entry date of this Order.  **Plaintiff is WARNED that failure to comply with this Order within the time allowed will result in dismissal of this civil action**.

The Court further notes that it has been extremely lenient in granting extensions of time to Plaintiff in this case to date.  Plaintiff is **INSTRUCTED that further extensions of time to file the motion to amend the complaint and proposed amendment will not be granted** without a showing of extraordinary circumstances warranting an extension.

Date:

cc:      Plaintiff, *pro se*
         Christian County Attorney
4413.010