UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES BAKER                                                                                    PLAINTIFF

v.                                                                      CIVIL ACTION NO. 5:11CV-P59-R

BRAD BOYD *et al.*                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Baker filed this *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*.  This matter is before the Court on the initial review of the second amended complaint (DN 30) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Upon the initial review of the original and first amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims against "unknown corrections, jail and medical staff" for failure to protect and failure to provide medical treatment to proceed for further development.  On October 7, 2011, the Court entered an Order giving Plaintiff 120 days to file a motion to amend the complaint to identify the unknown Defendants that he alleged should be held liable for failure to protect and failure to provide medical care.  After receiving extensions of time due to issues related to service of subpoenas, on June 1, 2012, Plaintiff moved to amend the complaint to add the names of six individuals he wished to sue.  However, Plaintiff did not state any factual allegations against any of them.  On August 2, 2012, the Court entered an Order directing Plaintiff to file a motion to amend his complaint and a proposed Second Amended Complaint stating factual allegations against each of the Defendants he wishes to sue and to tender completed summons forms for each Defendant.  Plaintiff then filed the instant second amended complaint.

# I.

Plaintiff states that he is currently an inmate at the Northpoint Training Center.  This action arises out of his previous incarceration at the Christian County Jail (CCJ).  He sues the following employees of CCJ:  James Pyle, Capt.; Trey Gilliland, Dep.; Mark Johnston, Dep.; Brad Woosley, Sgt.; Melissa Lancaster, LPN; four unknown members of the medical staff whom he identifies as nurses at CCJ; W. Campbell, Sgt.; and Wells, Sgt.  He sues each of these Defendants in his or her official and individual capacities.  Plaintiff also sues Ronald Miller, whom he identifies as a "detainee," and four "unknown detainees."  Plaintiff sues each of the detainees in their individual capacities only.

Plaintiff states that on various dates he gave Defendants Pyle, Gilliland, Johnston, Woosley, Campbell, and Wells "notice" that he was going to be assaulted by several inmates in his housing unit.  He states that these Defendants did nothing to protect him from an assault by another inmate, which occurred on October 11, 2010.  He states that this was a violation of his First, Eighth, and Fourteenth Amendment rights.  He states that the actions of Defendant Pyle were also a violation of his "right to the equal protection of the law."

Plaintiff states that he gave Defendant Lancaster notice that he had been assaulted on October 11, 2010.  However, Defendant Lancaster "made no effort to examine the plaintiff to see if plaintiff had any seriouce injuries, after being notified by James Pyle, Capt."  Plaintiff states that it was several days after the assault before he was examined by Defendant Lancaster.  He states that he was denied proper medical treatment by Lancaster and the entire medical staff at the CCJ.  Plaintiff states that such denial was a violation of his First, Eighth, and Fourteenth Amendment rights.

2

Plaintiff also states that four "Unknown Medical Staff" failed to provide him with proper medical care for his "serious injuries" after he was "violently assaulted by multiple detainees" violating his First, Eighth, and Fourteenth Amendment rights.

Plaintiff further alleges that Defendant Miller physically assaulted him on October 11, 2010, because Miller stated that "'he hated any sex offender[] and its his job to teach them a leason, such as I am going to teach you.'"  Plaintiff states that Defendant Miller "violated [his] civil rights just because the plaintiff was charged with a sex crime[.]"  Plaintiff states this violated his First, Eighth, and Fourteenth Amendments rights.  Plaintiff makes essentially the same allegations against the four Defendant "Unknown Detainees."

As relief, Plaintiff seeks $2 million each in money and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

# III.

**A.   CCJ employees**

**1.     Unknown medical staff**

Plaintiff seeks to add four Defendants whom he identifies as "Unknown Medical Staff" and whom he describes as nurses who denied him medical care after he was assaulted.  Plaintiff has been given ample to time to identify these individuals by name.  The Court will therefore not allow him to name unknown medical staff members at this stage.  However, if Plaintiff identifies the names any of these staff members through discovery, the Court will entertain Plaintiff's motion to amend the complaint to add such individuals at that time, should he choose to file such a motion.  The claims against the "Unknown Medical Staff" members will be dismissed for failure to state a claim.

**2.     Official-capacity claims**

Plaintiff sues each of the Defendant employees of CCJ in both their official and individual capacities.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against these Defendants are, therefore, actually against their employer, Christian County.  *Kentucky v. Graham*, 473 U.S. at 166.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The plaintiff must "identify the policy, connect the policy to the city itself and

5

show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff has not alleged that any Defendant acted pursuant to a municipal policy or custom with respect to his claims.  Plaintiff's complaint appears to allege isolated occurrences affecting only him.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Accordingly, all of the official capacity-claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### 3.    Individual-capacity claims

#### a.    First Amendment claims

The First Amendment provides:  "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. amend. I.  Plaintiff fails to explain how the First Amendment applies to his claims.  Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable First Amendment claim against Defendants.

### b.      Eighth Amendment claims

"[S]tate pretrial detainees are shielded from cruel and unusual punishments by the

Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections

than the Cruel and Unusual Punishments Clause" found in the Eighth Amendment.  *Spencer v.*

*Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).  Here, Plaintiff

indicated in the original complaint that he was a pretrial detainee and not a convicted inmate at

the time of the alleged incident.  Consequently, his right against cruel and unusual punishment is

protected by the Fourteenth Amendment.  Plaintiff's Eighth Amendment claims will therefore be

dismissed for failure to state a claim upon which relief may be granted.

### c.      Fourteenth Amendment claims

Upon review, the Court will allow Plaintiff's failure-to-protect claims under the

Fourteenth Amendment to proceed against Defendants Pyle, Gilliland, Johnston, Woosley,

Wells, and Campbell in their individual capacities.  The Court will also allow Plaintiff's claims

for denial of medical care under the Fourteenth Amendment to proceed against Defendant

Lancaster in her individual capacity.

However, to the extent Plaintiff alleges a violation of the Equal Protection Clause against

Defendant Pyle or any other Defendant, such claim will be dismissed.  To sustain an equal

protection claim, a plaintiff must allege, in part, that the defendant intentionally discriminated

against him because he was a member of a protected class.  *McCleskey v. Kemp*, 481 U.S. 279,

292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996).  Plaintiff has not

alleged that he is a member of any protected class or that the wrongful conduct was intentionally

7

taken against him because of his membership in a protected class.  Therefore, his Equal

Protection claim will be dismissed for failure to state a claim upon which relief may be granted.

**B.**      **Defendants Miller and Unknown Detainees**

Section 1983 creates a cause of action against any person who, under color of state law,

causes the deprivation of a right secured by the Constitution or the laws of the United States.  A

claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory

or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487

U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either

element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Defendants Miller and Unknown Detainees violated his First,

Eighth, and Fourteenth Amendment rights.  However, these Defendants are private citizens.

They are not employed by the state.  Only when private citizens act in concert with government

officials may they be subjected to liability under § 1983.  *Dennis v. Sparks*, 449 U.S. 24, 27-28

(1980).  In order to state a claim based on the existence of a conspiracy under § 1983, a plaintiff

must plead "with some degree of specificity."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.

1987).  Plaintiff has not offered any factual support upon which a conspiracy between the

inmates and any of the CCJ employees could be based.  There is no suggestion by Plaintiff that

any of the inmates was working in concert with guards to deprive Plaintiff of his constitutional

rights.  Therefore, Plaintiff's claims against Defendants Miller and Unknown Detainees will be

dismissed for failure to state a claim upon which relief may be granted.

8

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's § 1983 claims against Defendants in their official capacities, claims under the First and Eighth Amendment, equal-protection claims, and all claims against Defendants Unknown Medical Staff, Miller, and Unknown Detainees are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Since no claims remain against Defendants Unknown Medical Staff, Miller, and Unknown Detainees, the Clerk of Court is **DIRECTED to terminate** them as parties to this action.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc:      Plaintiff, *pro se*
           Defendants
           Christian County Attorney
4413.010