UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES BAKER                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:11CV-P59-R

BRAD BOYD *et al.*                                             DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff Charles Baker initiated this *pro se* civil action under 42 U.S.C. § 1983 alleging that guards failed to protect him and that he was denied medical care while incarcerated at the Christian County Jail. After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed claims to go forward against seven Defendants. The Court entered a Scheduling Order on May 1, 2013. In the Scheduling Order, the Court ordered Plaintiff to prepare summons forms for each of the Defendants and return them to the Clerk's Office within 14 days. The Court also directed the Clerk of Court to send Plaintiff 7 blank summons forms. The Scheduling Order stated that Plaintiff's failure to comply with it or any subsequent order could result in dismissal of the case.

      Upon review of the docket, the Court finds that Plaintiff has failed to tender the summons forms to the Clerk of Court. He has therefore failed to comply with the Scheduling Order.

      Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or

failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Scheduling Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
        Defendants Pyle, Gilliland, Johnston, Woosley, Wells, Campbell, and Lancaster
        Christian County Attorney
4413.010